IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELECIA WILLIAMS,

    Plaintiff,

vs.

ERIC PHILLIPS,

    Defendant.
_____/

No. CIV S-08-2515 FCD EFB PS

<u>ORDER AND
ORDER TO SHOW CAUSE</u>

    Plaintiff is proceeding *pro se* in this action, which was referred to the undersigned pursuant to E. D. Cal. L. R. ("Local Rule") 72-302(c)(21), and 28 U.S.C. § 636(b)(1), upon removal of the case from state court by defendant on October 22, 2008. Defendant is a federal employee acting under the Commissioner of Social Security. Plaintiff filed this action in small claims court to obtain $112.50, apparently based on defendant's denial of plaintiff's representative payee application.

    On November 28, 2008, defendant filed a motion to dismiss, and noticed the motion for hearing before this court on January 7, 2009. Plaintiff has filed neither an opposition or statement of non-opposition to the motion.

////

////

DEFENDANT'S EX PARTE APPLICATION FOR EXTENSION OF TIME

Upon removing this case from state court, defendant filed an *ex parte* application for extension of time within which to file his responsive pleading. *See* Fed. R. Civ. P. 81(c) (requiring that a responsive pleading be filed within a specified period after removal),[1] and Fed. R. Civ. P. 6(b)(1)(A) (authorizing extensions of unexpired time for good cause shown). Plaintiff filed and served her state court complaint on September 11, 2008. Defendant did not file a responsive pleading in state court. Pursuant to Fed. R. Civ. P. 81(c), defendant was required to file a responsive pleading in this court within five days after filing the removal notice, or by October 28, 2008. Defendant's October 22, 2008 request for an extension of time was timely made, *see* Fed. R. Civ. P. 6(b)(1)(A), and is supported by good cause.[2] Moreover, defendant met his proposed extended deadline when he filed the instant motion to dismiss. Accordingly, the court will grant, *nunc pro tunc*, defendant's application for extension of time within which to file

---

[1] Fed. R. Civ. P. 81(c) provides in pertinent part:

After removal . . . [a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

    (A) 20 days after receiving — through service or otherwise — a copy of the initial pleading stating the claim for relief;

    (B) 20 days after being served with the summons for an initial pleading on file at the time of service; or

    (C) 5 days after the notice of removal is filed.

[2] Defendant avers: "The Social Security Administration ('SSA') is currently in the process of reviewing and compiling the files and records with regard to Plaintiff's underlying claim. Such documents are necessary to support the Motion to Dismiss that has been drafted and/or to evaluate other litigation matters. Defendant cannot sufficiently respond to Plaintiff's complaint within the short time frame prescribed by Federal Rules of Civil Procedure, Rule 81(c). . . . Generally, under Federal Rules of Civil Procedure, Rule 12(a)(3), federal defendants are afforded 60 days from the date of service of process on the United States Attorney to respond to complaints. Mr. Phillips requests only half of that time to respond to Plaintiff's complaint herein. It is anticipated that the underlying SSA files, records, and litigation reports will be prepared and filed within 30 days of the date of removal, to wit, on or before November 28, 2008. Defendant Phillips has had no previous extension in this case. Defendant was unable to come to an agreement with Plaintiff regarding a stipulation to extend time, pursuant to Local Rule 6-142." *See Ex Parte* Application, Dckt. No. 2, at pp. 1-2.

his responsive pleading, i.e., his motion to dismiss, in this court.

PLAINTIFF'S FAILURE TO RESPOND TO MOTION TO DISMISS

Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must personally be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date,[3] or, in this case, by December 24, 2008. Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Court records reflect that plaintiff has, to date, filed neither an opposition or statement of non-opposition to the motion, nor any other document.

Local Rule 83-183, governing persons appearing *in propria persona*, provides that failure to comply with the Federal Rules and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Accordingly, the court will reset the hearing date on defendant's motion to dismiss, and accord plaintiff an opportunity to respond to the motion and demonstrate to the court good cause for missing the original deadlines.

CONCLUSION

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing date of January 7, 2009, is continued to February 4, 2009, at 10:00 a.m., in Courtroom No. 25.

---

[3] Electronic or mail service of an opposition upon the moving party must be made seventeen days preceding the scheduled hearing date. Local Rule 78-230(c).

2. Defendant's *ex parte* application for extension of time within which to file his responsive pleading to plaintiff's complaint, is granted *nunc pro tunc*.

3. Plaintiff shall show cause, in writing, no later than January 21, 2009, why sanctions should not be imposed for failure timely respond to defendant's motion to dismiss.

4. Plaintiff shall file an opposition, if any, to the motions, or a statement of non-opposition thereto, no later than January 21, 2009. Failure to so respond will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: December 30, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE