§

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELECIA WILLIAMS,

     Plaintiff,                            No. CIV S-08-2515 FCD EFB PS

     vs.

ERIC PHILLIPS,                            <u>ORDER AND FINDINGS<br>& RECOMMENDATIONS</u>

     Defendant.

_____/

     On December 30, 2008, this court ordered plaintiff to show cause, on or before January 21, 2009, why sanctions should not be imposed due to his failure to file an opposition or a statement of non-opposition to defendant's motion to dismiss filed November 28, 2008. Plaintiff was also directed to file an opposition or a statement of non-opposition no later than January 21, 2009. The hearing date of January 7, 2009 was continued to February 4, 2009, to permit plaintiff adequate time to respond.

     Plaintiff, who proceeds in *pro se,* filed this action in state small claims court against defendant, a federal employee with the Commissioner of Social Security. Plaintiff sought to obtain $112.50 allegedly incurred as a result of some determination regarding the amount of Social Security benefits. Defendant removed the action to this court on October 22, 2008. Since that time, plaintiff has filed no documents or otherwise communicated with the court.

The January 21, 2009 deadline has expired, and plaintiff has not shown cause or otherwise responded to the court's order. It is reasonable to infer that plaintiff has abandoned this case, particularly in light of the court's directive that, "[f]ailure to so respond will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed."

Federal Rule of Civil Procedure 41(b) provides for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . " *See also* E. D. Cal. L. R. 11-110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"). Plaintiff's *pro se* status does not derogate this authority. "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules. All obligations placed on 'counsel' by these Local Rules apply to individuals appearing *in propria persona*. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." E. D. Cal. L. R. 83-183.

Accordingly, since plaintiff has not complied with, or otherwise responded to the court's order to show cause, and has failed to oppose defendants' motions to dismiss:

1. It is hereby ORDERED that the February 4, 2009 hearing on defendant's motion to dismiss, Dckt. No. 7, is vacated; and

2. Further, it is hereby RECOMMENDED that this action be dismissed without prejudice for failure to prosecute, and failure to comply with the federal and local rules of court. *See* Fed. R. Civ. P. 41(b); E. D. Cal. L. R. 11-110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

1 to Magistrate Judge's Findings and Recommendations." Failure to file objections within the
2 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
3 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: January 29, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3